22 C. C. P. A. (Patents)

### In re SHERTS.

### Patent Appeals No. 3454.

Court of Customs and Patent Appeals.
April 8, 1935.

HATFIELD, Associate Judge, dissenting.

———◆———

Harold A. Kingsbury, of Wilmington, Del. (Chester H. Biesterfeld, of Wilmington, Del., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting claims 1 to 7, inclusive, of appellant's application upon the ground of unpatentability in view of the prior art. None of the claims of said application were allowed.

Claims 1 and 5 are illustrative of the appealed claims and read as follows:

"1. In the making of safety glass, comprising a sandwich having a pair of glasses and a central plastic sheet, by attaching the plastic to the glasses by heat and pressure; assembling with the glasses a sheeted plastic sheet that has not been polished, and polishing the same by virtue of the pressure of the glasses during the attaching operation.

"5. As a new article of manufacture, a sheet of laminated glass including a polished sheeted sheet of plastic material which has been but once subjected to polishing temperature and pressure."

The references relied upon are: Mascart, 1,342,268, June 1, 1920; Higgins, 1,-771,378, July 22, 1930.

Appellant's claimed invention is thus described by the Board of Appeals: "The appealed claims relate to a method of making laminated shatter-proof glass structures broadly of the known type wherein a transparent tough film commonly of cellulose derivative material is adhesively united to and between a pair of plate glass or other polished sheets and also to the product. The prior art is acknowledged in the original specification and by affidavit and arguments presented in the record. A distinguishing feature of applicant's claims is the fact that the cellulose ester sheet is taken directly as produced from the slicing machine or possibly other source of producing such sheets and without any special polishing step and interposed directly be-

tween the glass plates which may bear as usual the film of adhesive or cementing material. The assembled structure is then subjected to the usual heating and pressing operation to cause the coated glass sheets to unite to the cellulose ester or other transparent reinforcing sheet. Applicant has found that an assembly of such sheets results in a glass structure which is just as transparent as where the reinforcing sheet is carefully polished and further that it eliminates the expense of polishing the reinforcing sheet and certain alleged deterioration or weakening thereof which is said to result from pressing cellulose ester sheets between polished hot plates to polish the same."

The patent to Mascart relates to the manufacture of reinforced glass. It discloses a process in which a safety glass is made in sandwich form with glass sheets and interposed "celluloid, cellulose ester, or other suitable material," united to the glass by gelatin. The surface of the sheet of cellulose ester is slightly roughened by sand blasting, the purpose being to secure a firm adhesion of the gelatin to the cellulose sheet.

The patent to Higgins relates to transparent plate glass in which one face has a natural fire finish or polish and the other face is ground and polished. The patent states: " * * * The glass may also be used to advantage in making composite wind shields of the so-called 'splinterless' glass. This glass is now made of thin sheets of plate glass cemented to an interposed sheet of celluloid or some other tough transparent material. In applying the improvement in this relation, the glass sheets have their fire polished surfaces next to the celluloid. * * *"

All of the claims were rejected on the reference Mascart in view of Higgins.

It is appellant's contention that, prior to his invention, the plastic sheet employed in making safety glass was polished by a heating and pressing process before its insertion between the pair of glasses, the other elements of the sandwich, and that he has found that such heating and polishing was unnecessary and was, in fact, deleterious in that said step tended to cause ultimate discoloration of the plastic sheet, and that by omitting this step he secures better adhesion of the gelatin to the plastic sheet and avoids the discoloration above mentioned.

Both the Examiner and the Board of Appeals were of the opinion that the reference Mascart, by teaching that the plastic sheet should be roughened before the final step in the process, clearly suggested that it was not necessary to polish the plastic sheet before its insertion in the sandwich, and that therefore it was not inventive to omit the first step of polishing above described.

Appellant, on the contrary, contends that Mascart used polished plate and roughened it, but contemplated retaining the first step of polishing through heat and pressure, and that therefore appellant's method and product are not in any way suggested by Mascart.

We are in agreement with the Patent Office tribunals upon this question. We find nothing in the Mascart patent with respect to polished plastic sheets. He teaches that the plastic sheet should be slightly roughened in order to secure better adhesion to the gelatin. Better adhesion is also one of appellant's objects. It would seem to us that, with Mascart's teaching that the surface of the plastic sheet should be roughened, it would be clear to one skilled in the art that there would be no object in polishing it prior to its being placed in the sandwich. To polish an article and then to roughen it to get rid of the polish would seem to indicate clearly that there was no object in polishing it in the first place.

Inasmuch as Mascart teaches that the surface of the plastic sheet should be roughened before placing it in the sandwich, we are convinced that omitting to polish the plastic before placing it in the sandwich did not constitute invention. See In re Duclaux, 67 F.(2d) 443, 21 C. C. P. A. (Patents) 716.

Appellant's brief contains the following statement: "The Board of Appeals bases its decision on the ground that from Mascart 'it is apparent that it is unnecessary to polish the reinforcing sheet', and on the ground of Mascart's 'sand blasted or etched sheet as being equivalent to applicant's sliced sheet'. The Board thereupon decided that it would not involve invention to use a sliced sheet directly in safety glass without polishing. Appellant respectfully submits that the Board is in error in thus interpreting and applying Mascart."

It is only necessary to say, with respect to said quotation, that we do not find "sliced sheets" enumerated in any of appellant's claims, neither is any claim limited by its language to the use of sliced plastic sheets as the basic material of one of the elements of appellant's methods or products.

For the reasons herein stated, the decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, dissents.